Lisa Ferri (LF-7531)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone:   212.547.5400
Facsimile:   212.547.5444
Email:       lferri@mwe.com

Eric W. Hagen (*pro hac vice* application pending)
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067-3218
Telephone:   310.277.4110
Facsimile:   310.277.4730
Email:       ehagen@mwe.com

*Attorneys for Defendant/Counterclaim Plaintiff*
JIBJAB MEDIA INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIXFUSION LLC,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>JIBJAB MEDIA INC.,<br><br>        Defendant/Counterclaim Plaintiff. | Civil Action No. 1:08-cv-01202-LBS (AJP)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>ECF CASE<br>ELECTRONICALLY FILED<br><br>**JURY TRIAL DEMANDED** |

Defendant/Counterclaim Plaintiff JibJab Media, Inc. ("JibJab") hereby answers and presents its affirmative defenses and counterclaims to Plaintiff/Counterclaim Defendant PixFusion LLC's ("PixFusion") Complaint.

## PARTIES

1. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies the same.

2. JibJab denies that it is a California corporation. JibJab admits that its principal place of business is 228 Main Street, Suite 4, Venice, California 90291.

## JURISDICTION AND VENUE

3. JibJab admits that this action arises under the Acts of Congress relating to patents, including Sections 101 *et seq.* of Title 35 of the United States Code. JibJab is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint, and therefore denies the same.

4. JibJab admits the allegations set forth in paragraph 4 of the Complaint.

5. JibJab admits that it offers its services over the Internet. JibJab denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. JibJab admits the allegations set forth in paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies the same.

8. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies the same.

9. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies the same.

10. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies the same.

11. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies the same.

12. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies the same.

13. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies the same.

14. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies the same.

15. JibJab admits that U.S. Patent No. 6,351,265 is entitled "Method and Apparatus for Producing an Electronic Image" and that it has an issue date of February 26, 2002. JibJab is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint, and therefore denies the same.

16. JibJab admits that U.S. Patent No. 5,623,587 is entitled "Method and Apparatus for Producing an Electronic Image." JibJab denies that U.S. Patent No. 5,623,587 issued April 22, 1992. JibJab is without information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint, and therefore denies the same.

17. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies the same.

18. JibJab is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies the same.

19. JibJab admits the allegations set forth in paragraph 19 of the Complaint.

20. JibJab admits that, on its Website, JibJab offers for use and/or for sale SENDABLES™ greeting, including STARRING YOU® movies, which can be personalized. JibJab denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. JibJab admits that, as part of the process of creating a personalized movie, a Website user selects a movie. JibJab denies the remaining allegations set forth in paragraph 21 of the Complaint.

22. JibJab denies the allegations set forth in paragraph 22 of the Complaint.

23. JibJab admits the allegations set forth in paragraph 23 of the Complaint.

24. JibJab denies the allegations set forth in paragraph 24 of the Complaint.

25. JibJab denies the allegations set forth in paragraph 25 of the Complaint.

NYK 1166893-1.080322.0105

26. JibJab admits that a Website user may forward via email to another user a link to a movie on the Website. JibJab denies the remaining allegations set forth in paragraph 26 of the Complaint.

27. JibJab denies the allegations set forth in paragraph 27 of the Complaint.

28. JibJab denies the allegations set forth in paragraph 28 of the Complaint.

## COUNT 1

29. JibJab incorporates by reference each of JibJab's answers set forth in paragraphs 1-25 above.

30. JibJab denies the allegations set forth in paragraph 30 of the Complaint.

31. JibJab denies the allegations set forth in paragraph 31 of the Complaint.

32. JibJab denies the allegations set forth in paragraph 32 of the Complaint.

33. JibJab denies the allegations set forth in paragraph 33 of the Complaint.

34. JibJab denies the allegations set forth in paragraph 34 of the Complaint.

35. JibJab denies the allegations set forth in paragraph 35 of the Complaint.

36. JibJab denies the allegations set forth in paragraph 36 of the Complaint.

37. JibJab denies the allegations set forth in paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

38. Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to JibJab's right to plead additional defenses as discovery into the facts of the matter warrant, JibJab hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

39. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

40. Some or all of Plaintiff's claims are barred by the doctrine of laches and/or estoppel.

NYK 1166893-1.080322.0105

### THIRD AFFIRMATIVE DEFENSE

41. JibJab has not infringed, directly, contributorily, by inducement, or willfully, any claim of U.S. Patent No. 6,351,265, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE

42. Some or all of the claims of U.S. Patent No. 6,351,265 are invalid under one or more provisions of Title 35 of the United States Code, including at least 35 U.S.C. §§ 102, 103, or 112.

### FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff is barred from obtaining the relief sought in the Complaint, in whole or in part, by failure to comply with the patent marking statute, 35 U.S.C. § 287(a).

### COUNTERCLAIMS

44. Counterclaim Plaintiff JibJab asserts the following counterclaims against Counterclaim Defendant PixFusion. JibJab reserves the right to amend its Answer to assert additional counterclaims against PixFusion as discovery into the facts of the matter warrant.

### THE PARTIES

45. JibJab is a Delaware corporation having its principal place of business in Venice, California.

46. According to paragraph 1 of the Complaint, PixFusion is a Delaware limited liability company having its principal place of business in New York, New York.

### JURISDICTION AND VENUE

47. This is an action for declaratory judgment under 28 U.S.C. §§ 2201-2202, arising under the patent laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

48. This Court has personal jurisdiction over PixFusion because, upon information and belief, PixFusion resides and may be found in the Southern District of New York.

49. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

50. An actual case or controversy exists under 28 U.S.C. §§ 2201-2202 because PixFusion has asserted a claim against JibJab for infringement of U.S. Patent No. 6,351,265, JibJab denies that it has infringed U.S. Patent No. 6,351,265, and JibJab asserts that the claims of U.S. Patent No. 6,351,265 are invalid.

## COUNTERCLAIM I - NONINFRINGEMENT

51. JibJab realleges and incorporates by reference all allegations set forth in paragraphs 44 through 50.

52. JibJab is entitled to a declaratory judgment that it does not infringe and has not infringed, directly, contributorily, by inducement, or willfully, any claim of U.S. Patent No. 6,351,265, either literally or under the doctrine of equivalents.

53. This case is exceptional under 35 U.S.C. § 285.

## COUNTERCLAIM II - INVALIDITY

54. JibJab realleges and incorporates by reference all allegations set forth in paragraphs 43 through 52.

55. JibJab is entitled to a declaratory judgment that the some or all of the claims of U.S. Patent No. 6,351,265 are invalid under one or more provisions of Title 35 of the United States Code, including at least 35 U.S.C. §§ 102, 103, and 112.

56. This case is exceptional under 35 U.S.C. § 285.

## RELIEF REQUESTED

WHEREFORE, JibJab respectfully requests that the Court:

A. Enter a judgment in JibJab's favor as to Plaintiff's claim in this action, dismiss Plaintiff's Complaint in its entirety with prejudice, and declare that Plaintiff take nothing by way of its Complaint;

B. Declare that JibJab does not infringe and has not infringed any claim of U.S. Patent No. 6,351,265, directly, contributorily, by inducement, or willfully, either literally or under the doctrine of equivalents;

C. Declare invalid every claim of U.S. Patent No. 6,351,265;

D. Declare that this is an exception case and award JibJab its costs and attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

E. Award to JibJab such further relief that the Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38(b), JibJab demands a trial by jury on all matters so triable.

Dated: June 23, 2008

Respectfully submitted,

By: /s/ Lisa M. Ferri
Lisa Ferri
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone: 212.547.5400
Facsimile: 212.547.5444
Email: lferri@mwe.com

Eric W. Hagen
McDERMOTT WILL & EMERY LLP
2049 Century Park East
Suite 3800
Los Angeles, CA 90067-3218
Telephone: 310.277.4110
Facsimile: 310.277.4730
Email: ehagen@mwe.com

*Attorneys for Defendant/Counterclaim Plaintiff*
JIBJAB MEDIA INC.

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that, pursuant to 28 U.S.C. §1746, on Monday, June 23, 2008, I served the accompanying Answer, Affirmative Defenses, and Counterclaims and Defendant/Counterclaim Plaintiff JibJab Media, Inc.'s Corporate Disclosure Statement upon all those having appeared in this matter, and in accordance with the rules of this Court.

Dated: New York, New York
      June 23, 2008

                                                   Amelia J. Crowley

NYK 1166903-1.080322.0105